UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN B. HOLWAY,<br><br>    Plaintiff,<br><br>      v.<br><br>THOMAS PENFIELD JACKSON, *et al.*,<br><br>    Defendants. | Civil Action No. 05–815 (CKK) |

**MEMORANDUM OPINION**
(July 5, 2006)

*Pro se* Plaintiff John B. Holway filed a Complaint on April 25, 2005, against Judge Thomas Penfield Jackson and Judge Royce Lamberth of the United States District Court for the District of Columbia as well as a number of Virginia State Court Judges and individuals associated with the Virginia Attorney General's Office (collectively, the "Virginia Defendants"). The instant Court shall *sua sponte* dismiss Plaintiff's case against Judge Jackson and Judge Lamberth. Judges are absolutely immune from lawsuits arising from acts taken in their judicial capacity. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993). While Plaintiff's Complaint is less than clear, the instant Court discerns that Plaintiff is suing Judge Jackson and Judge Lamberth for their judicial actions, or more specifically, for dismissing prior cases brought by Plaintiff in the United States District Court for the District of Columbia. Clearly, such claims fall within the sphere of acts for which Judge Jackson and Judge Lamberth enjoy absolute immunity. Furthermore, the instant Court's review of the Complaint at hand reveals that Plaintiff has not met the requirements set forth under Federal Rule of Civil Procedure 8(a) and has failed to state a claim upon which relief can be

granted within the subject matter jurisdiction of this Court, *see Martin v. Malhoyt*, 830 F.2d 237, 258 (D.C. Cir. 1987).  This action against Judge Jackson and Judge Lamberth shall further be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).  Plaintiff's [6] Motion for Default Judgment against Judge Jackson and Judge Lamberth is likewise DENIED based on their absolute judicial immunity, Plaintiff's failure to state a claim upon which relief can be granted, and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

The Virginia Defendants filed a [2] Motion to Dismiss and Memorandum of Law in Support of Motion to Dismiss on September 13, 2005.  Plaintiff filed an opposing [7] Reply to the Virginia Defendants' Motion to Dismiss on December 7, 2005.  Plaintiff also filed his own [5] Motion for Partial Summary Judgment on December 7, 2005, in response to which the Virginia Defendants filed an opposing [9] Brief in Opposition to Plaintiff's Motion for Partial Summary Judgment.  The Court plainly cannot discern what Plaintiff's dispute is with respect to the Virginia Defendants on the basis of Plaintiff's Complaint, barring some vague inference of conspiracy when prior suits brought by Plaintiff against the Virginia Defendants were dismissed by Judge Jackson and Judge Lamberth, as Plaintiff claims that "[t]he tortious offense complained of took place in 2002 in the District of Columbia in the U.S. District Court for the District of Columbia." Compl. at 3.  The instant Court's review of the Complaint at hand reveals that Plaintiff has not met the requirements set forth under Federal Rule of Civil Procedure 8(a) and has failed to state a claim upon which relief can be granted within the subject matter jurisdiction of this Court, *see Martin v. Malhoyt*, 830 F.2d 237, 258 (D.C. Cir. 1987).  Furthermore, the Complaint shall be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). As the Court shall grant the Virginia Defendants' [2] Motion to Dismiss for the aforementioned

reasons, the instant Court need not entertain the multiple other potentially viable bases for dismissal presented by the Virginia Defendants in their Motion.

Plaintiff also filed a [4] Motion to Disqualify Counsel, in which he argues that the Virginia Attorney General's Office's representation of the Virginia Defendants is a violation of the principle of checks and balances set forth in the United States Constitution.  The Virginia Defendants filed a [8] Brief in Opposition to Plaintiff's Motion to Disqualify Counsel.  The instant Court shall DENY Plaintiff's [4] Motion to Disqualify Counsel as lacking merit.

Accordingly, the Court shall GRANT the Virginia Defendants' [2] Motion to Dismiss; DENY Plaintiff's [4] Motion to Disqualify Counsel; DENY Plaintiff's [5] Motion for Partial Summary Judgment; and DENY Plaintiff's [6] Motion for Default Judgment.  This action is DISMISSED *sua sponte* with respect to Judge Jackson and Judge Lamberth.  This action is DISMISSED WITH PREJUDICE in its entirety.  An Order accompanies this Memorandum Opinion.

Date:   July 5, 2006

 _/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge